UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| WEBSTER L. DAWKINS, | | |
| | Plaintiff, | CASE NO. C11-5073BHS |
| v. | | |
| WELLS FARGO BANK N.A., | | ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS CERTAIN CLAIMS AND GRANTING DAWKINS LEAVE TO AMEND |
| | Defendant. | |

This matter comes before the Court on Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") motion to dismiss (Dkt. 14). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 11, 2011, Plaintiff Webster L. Dawkins ("Dawkins") filed a complaint against Wells Fargo alleging various causes of action. Dkt. 4.

On June 7, 2011, Wells Fargo filed a motion to dismiss Dawkins' complaint. Dkt. 14. On June 10, 2011, Dawkins responded. Dkt. 16. On June 30, 2011, Wells Fargo

ORDER - 1

replied. Dkt. 19. On July 1, 2011, and July 7, 2011, Dawkins filed supplemental briefing. Dkts. 21 & 22.

On June 13, 2011, Dawkins filed a motion to appoint counsel. Dkt. 17.

## II. DISCUSSION

### A. Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, Dawkins has failed to show that there are exceptional circumstances warranting an appointment of counsel. As set forth below, the remaining claim for breach of contract is not complex and may be pursued without the appointment of counsel. Therefore, the Court denies Dawkins' motion.

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal

ORDER - 2

citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, reading the complaint liberally in Dawkins' favor, it appears that Dawkins asserts causes of action for racial profiling, racial discrimination, slander, fraud, breach of contract, and destruction of property. *See* Dkt. 4. Wells Fargo argues that Dawkins has failed to allege facts to support any cause of action. First, Wells Fargo contends that there is no cause of action for racial profiling in contracts involving only non-public entities. Dkt. 14 at 6. The Court agrees. Therefore, the Court grants Wells Fargo's motion on Dawkins' claim for racial profiling because Dawkins fails to state a cognizable legal theory.

Second, Wells Fargo contends that Dawkins has failed to sufficiently allege a cause of action for racial discrimination. Wells Fargo argues that even if one of its employees directed a racial slur at Dawkins, Dawkins has failed to show that this was actionable discrimination under either federal or state law. Dkt. 14 at 6-7. The Court agrees. Therefore, the Court grants Wells Fargo's motion on Dawkins' claim for racial discrimination because Dawkins fails to state a cognizable legal theory.

Third, Wells Fargo contends that Dawkins' claim for slander is barred by the applicable statute of limitations and that Dawkins fails to allege that the racial slur was published, which is a necessary element of slander. Dkts. 14 at 7 & 19 at 3. Under Washington law, a plaintiff must assert a slander or libel claim within two years after the tort is allegedly committed. *See Eastwood v. Cascade Broadcasting Co.*, 106 Wn.2d 20 466, 469 (1986). Dawkins alleges that the racial slurs were made on May 22, 2002. The statute of limitations has run on Dawkins' slander claim. Therefore, the Court grants Wells Fargo's motion on Dawkins' claim for slander.

ORDER - 3

Fourth, Wells Fargo argues that Dawkins has failed to allege facts to support his fraud claim. Dkt. 14 at 8. "A party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Dawkins has merely included the word fraud in the caption of his complaint and has failed to state any facts regarding fraudulent conduct by Wells Fargo. Therefore, the Court grants Wells Fargo's motion on Dawkins' claim for fraud because Dawkins has failed to allege facts beyond mere labels and conclusions.

Fifth, Wells Fargo argues that Dawkins "does not identify which documents he is relying upon nor does he articulate what these documents supposedly prove . . . ." Dkt. 19 at 4-5. Based on a review of Dawkins' complaint and Dawkins' responsive materials, it appears that Dawkins has entered into loan agreements with Wells Fargo. *See* Dkt. 22 at 11-112 (home equity and auto loan statements). Dawkins, however, has failed to allege facts, in a comprehendible manner, that Wells Fargo breached either of these agreements. Therefore, the Court grants Wells Fargo's motion on Dawkins' claim for breach of contract because Dawkins has failed to allege sufficient facts under the cognizable legal theory of breach of contract.

Finally, Wells Fargo argues that Dawkins' claim for destruction of property is barred by the statute of limitations. Dkt. 19 at 5. The Court agrees. Dawkins' report to the Pierce County Sheriff and his Notice of Small Claim plainly establish that his property was damaged in 2002. The statute of limitations for this claim is three years. RCW 4.16.080(1)-(2). Therefore, the Court grants Wells Fargo's motion to dismiss Dawkins' claim for destruction of property.

**C.  Relief**

If the Court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the Court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber*

*Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

In this case, Wells Fargo requests that the Court dismiss Dawkins' complaint with prejudice and without leave to amend. The Court agrees as to Dawkins' claims for racial profiling, racial discrimination, slander, and destruction of property because the allegation of other facts will not cure the defects in these claims. With regard to Dawkins' fraud claim, the Court dismisses it with prejudice because Dawkins merely included the "fraud" label in the caption of his complaint and wholly failed to comply with any pleading requirement, much less the heightened fraud pleading requirement of Fed. R. Civ. P. 9(b).

However, the Court finds that Dawkins' claim for breach of contract could possibly be cured with the allegation of facts regarding a breach of the home equity loan and/or auto loan that Wells Fargo extended to Dawkins. Therefore, the Court grants Dawkins leave to amend his complaint with respect to the breach of contract claim.

If Dawkins chooses to amend his complaint, he is instructed to follow the Federal Rules of Civil Procedure. Dawkins' amended pleading shall contain a "short and plain statement of the [claim for breach of contract] showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, Dawkins shall comply with the format requirements of the Local Civil Rules. A handwritten complaint, similar to Dawkins' original complaint, is an acceptable format. On the other hand, the Court **will not** accept copies of emails that are single-spaced, bold font in all capital letters or any similar improper and incomprehensible format.

### III. ORDER

Therefore, it is hereby **ORDERED** that Wells Fargo's motion to dismiss certain claims (Dkt. 14) is **GRANTED**. Dawkins' claims for racial profiling, racial discrimination, slander, fraud, and destruction of property are **DISMISSED with prejudice**.

1  Dawkins is granted leave to amend his claim for breach of contract. Dawkins may file an amended complaint no later than August 5, 2011. Failure to file an amended complaint or comply with the instructions set forth above may result in dismissal of the action with prejudice.

DATED this 22nd day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge