UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WEBSTER L. DAWKINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK N.A.,<br><br>　　　　　Defendant. | CASE NO. C11-5073BHS<br><br>ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS |

　　　This matter comes before the Court on Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") motion to dismiss (Dkt. 25). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

　　　On February 11, 2011, Plaintiff Webster Dawkins ("Dawkins") filed a complaint against Wells Fargo alleging various causes of action. Dkt. 4. On June 7, 2011, Wells Fargo filed a motion to dismiss. Dkt. 16. On July 22, 2011, the Court granted Wells Fargo's motion and granted Dawkins leave to amend his complaint with regard to his breach of contract claim. Dkt. 23.

　　　On July 27, 2011, Dawkins filed an amended complaint that consists of two pages and contains a single sentence asserting that Dawkins makes a claim for breach of contract on his home equity loan and motor home loan. Dkt. 24. On August 8, 2011, Wells Fargo moved to dismiss the amended complaint. Dkt. 25. On August 31, 2011,

ORDER - 1

Dawkins filed two documents, neither of which appears to be a response. Dkts. 26 & 27. On September 1, 2011, Wells Fargo replied. Dkt. 28. On September 8, 2011, Dawkins filed another document that appears to be a response to the reply. Dkt. 30.

## II.  DISCUSSION

### A.   Motion to Dismiss Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### B.   Wells Fargo's Motion

In this case, Dawkins has failed to "provide the grounds for entitlement to relief . . . ." *Twombly*, 127 S. Ct. at 1965.  The amended complaint as well as the original complaint simply assert a breach of contract cause of action without a reference to a particular contract, the alleged breach, or any resulting damage. *See* Dkts. 4 & 24. Wells Fargo argues that Dawkins' amended complaint fails to meet the barest pleading standards and should be dismissed. Dkt. 25 at 5-6.  The Court agrees because, even with the most generous reading of the complaints and the file, Dawkins has failed to convey to either Wells Fargo or the Court any alleged breach or any resulting damage.

The second issue is whether the Court should allow Dawkins leave to amend for a second time. Wells Fargo argues that it should not because it is proper for a Court to

ORDER - 2

dismiss a complaint without leave to amend if a plaintiff repeatedly fails "to cure deficiencies by amendments previously allowed . . . ." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Court previously informed Dawkins of his obligations to comply with the appropriate pleading standards. *See* Dkt. at 5. Dawkins' failure to comply with the Court's previous instructions as well as Dawkins' voluminous filings charging Wells Fargo and its attorneys' with perjury (Dkt. 26) informs the Court that Dawkins should not be allowed leave to amend and that this case should be dismissed.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Wells Fargo Bank N.A.'s ("Wells Fargo") motion to dismiss (Dkt. 25) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment in favor of Wells Fargo.

DATED this 13th day of September, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3